WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:   Ann Thompson Uglietta (013696)         William W. Pearson (012845)
      Maxine S. Mak (031158)                 PEARSON LAW GROUP LLC
      Deputy County Attorneys                3509 East Shea Blvd.,
                                             Phoenix, Arizona 85028
      CIVIL SERVICES DIVISION                Tel. (602) 237-5405
      Security Center Building               Fax (602) 759-7310
      222 North Central Avenue, Suite 1100   wink@pearsonlg.com
      Phoenix, Arizona 85004
      MCAO Firm No. 00032000
      Telephone (602) 506-8541
      Fax (602) 506-8567
      uglietta@mcao.maricopa.gov
      makm@mcao.maricopa.gov
      ca-civilmailbox@mcao.maricopa.gov

*Attorneys for Defendant Maricopa County*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gallagher & Kennedy, PA.<br><br>   Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>   Defendants. | Case No. CV-16-04447-PHX-DAE-BGM<br><br>**JOINT REPORT** |

Pursuant to the Court's Order dated April 1, 2019 [Dkt. 360], and in accordance with Federal Rule of Civil Procedure 26(f), Plaintiff Gallagher & Kennedy, P.A. ("G&K") and Defendants City of Phoenix ("City"), Maricopa County ("County"), and Prudential Overall Supply ("Prudential") (collectively, the "Defendants") respectfully submit the following report on their Rule 26(f) meeting and proposed Discovery and Case Management Plan.

1

**A. Rule 26(f) Meeting and List of Parties**

The parties certify that they participated in the Rule 26(f) meeting through their respective counsel as follows:

| | |
|---|---|
| Plaintiff G&K: | Michael K. Kennedy and Mark Dangerfield |
| Defendant City: | Barry G. Stratford |
| Defendant County: | William W. Pearson |
| Defendant Prudential: | John L. Condrey and Kira N. Barrett |

**B. Brief Statement of Case**

On December 16, 2016 G&K filed its complaint for the recovery of response costs from Defendants under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§9601, et seq. ("CERCLA") that G&K allegedly incurred responding to the release or threatened release of hazardous substances from facilities owned or operated by Defendants that have impacted the groundwater and water supply wells operated by the Roosevelt Irrigation District ("RID"). G&K also seeks recovery for Quasi Contract, Unjust Enrichment and Restitution. For purposes of this initial action, G&K is seeking recovery of $6,741,144.18 of these incurred costs as set forth in Complaint, Exhibit B. G&K claims Defendants are jointly and severally liable for response costs incurred by G&K. G&K also seeks a declaration of Defendants' liability pursuant to 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) to recover future response costs.

Defendants deny all of G&K's claims on multiple grounds including, but not limited to, G&K lacks standing to recover response costs, G&K cannot recover costs incurred by other entities, G&K did not satisfy CERCLA's predicate requirements for cost recovery including NCP compliance, G&K's costs were not necessary or reasonable, G&K cannot establish a plausible

migration pathway for Defendants' alleged releases to allegedly impact RID's wells, and joint and several liability is inappropriate because G&K's claims are divisible or capable of reasonable appointment.

**C.     Jurisdictional Basis and Venue of the Case**

The Court has jurisdiction pursuant to: 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201(a) (declaratory judgment), and 42 U.S.C. § 9613(b) (Section 113(b) of CERCLA).   Venue lies in the Phoenix Division of the United States Court for the District of Arizona 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §§ 9607(a) and 9613(b).

**D.     Service of Parties**

All named Defendants have been served.

**E.     Additional Parties or Pleadings**

**Defendants' Position** - Because of the potential liability of other parties, including those previously named and dismissed without prejudice, Defendants may file third party claims without leave of court to be answered by the third-party defendant within twenty (20) days of being served the third party complaint.

**Defendants' Comments –** Pursuant to a Motion filed by Defendants [Dkt. 353]  reserving their rights to file third-party claims and requesting the Court address third-party claims in the Court's Scheduling Conference, the Court granted Defendants' Motion and issued an Order [Dkt.360] directing that third-party practice, *inter alia*, be a matter addressed in the Scheduling Conference.  The Defendants did not allow their right to file third party claims expire as claimed by Plaintiff.

Plaintiff in this litigation originally sued thirty-three (33) Defendants and then unilaterally dismissed without prejudice thirty (30) of those Defendants. The three remaining Defendants do not yet understand the reasons for these dismissals when the allegations made against the original thirty-three 933) are the same allegations made against the remaining three (3) Defendants. Third-Party practice will likely be necessary to fully address the mertis of Plaintiff's claims.

When and if Defendants file third party claims, discovery on those claims must proceed since third party defendants under Rule 14(a)(2)(c) may assert any defense to Plaintiff's claims that Defendant/Third-Party Plaintiff could assert under Rule 14(a)(2)(d) any claim against Plaintiff arising out of the transaction or occurance that is the subject matter of Plaintiff's claim. Therefore, discovery on third party claims cannot be deferred since Third-Party Defendants have the right and need to develop discovery they deem appropriate related to their defenses to Plaintiff's claims and their direct claims against Plaintiff related to the subject matter of Plaintiff's claim.

**G&K's Position** – Defendants may by motion seek the Court's permission to file third party complaints in accordance with Rule 14(a)(2). Third party defendants shall respond within twenty (20) days of being served with the third party complaint. Discovery on the third party complaints shall be deferred until after judgment is entered on G&K's claims against Defendants.

**G&K's Comments** – Defendants elected to allow expiration of the Rule 14(a)(1) fourteen day period for filing third party claims as a matter of right. After expiration of that fourteen day period, Rule 14(a)(2) allows Defendants to move the Court for permission to file a third party complaint. G&K cautions that filing of third party complaints has the potential to disrupt and delay implementation of the Court's Case Management Order. Should any such request be permitted, discovery of any third party complaint should be deferred until after judgment is

4

entered on G&K's claims against Defendants, as agreed upon by G&K and Defendants for cross-claim discovery.

**F.   Other Related Cases**

Defendants were involved in a related litigation, *RID v. SRP et al., No. 2:10-CV-00290-PHX-DAE (BGM)* ("RID Litigation") in which some of the discovery generated in that litigation may be relevant to issues raised in this litigation.

**G.   Initial Disclosure Statements** – Parties agree that Initial Disclosure Statements will be filed simultaneously on or before thirty (30) days after the Case Management Order is issued. For the Initial Disclosure Statements and subsequent discovery disclosures, the parties will file a Notice of Service of discovery papers with the Clerk of Court, rather than copies of actual disclosures.

**H.   Cross-Claims:**

**Defendants' Position -** Cross-claims will be deemed filed and denied with discovery deferred until after the Plaintiff's case is completed.

**Defendants' Comments –** In the RID litigation in CMO #1 issued on September 26, 2013, this Court ruled "Cross-claims for contribution shall be deemed filed and denied." This Court recognized in the RID Litigation, and Defendants request it do the same in this litigation, that cross-claims among Defendants may be wholly unnecessary if Plaintiff does not obtain judgment in its claims against the Defendants. Thus it is more than sufficient that cross-claims should be deemed filed and denied as this Court did in the RID Litigation.

**G&K's Position –** Defendants may file cross-claims as permitted by FRCP 13(g) on or before thirty (30) days after the Case Management Order is issued. Answers to cross-claims shall

be filed within twenty (20) days thereafter. Discovery on cross-claims will be deferred until after judgment is entered on G&K's claims against Defendants.

**G&K's Comments** – The Federal Rules of Procedure make no provision for filing a "Notice of Claims," nor a process for cross-claims being "deemed denied," as proposed by Defendants. G&K has no objection to Defendants filing and answering cross-claims to the extent permitted by the Rules. Defendants have offered no explanation for deviating from well-established Rule 13 precedent, nor explained why it is necessary or preferable to complicate and potentially disrupt this action by inventing new pleadings or filings. One can only imagine the (totally unnecessary) havoc that could result from argument on which of the unspecified, imaginary claims in the "Notice of Claims" have been "deemed" denied and for what purposes. Presumably, Defendants are trying to avoid having to actually file cross-claims against their fellow Defendants alleging CERCLA violations. G&K's position is that Defendants may elect not to file cross-claims or file cross-claims as permitted by the Rules. There is no reason or authority for inventing new procedures for filing a "Notice of Claims" or pretending claims have been legally denied (or admitted) when they have not. G&K agrees with Defendants that discovery on any properly filed cross-claims should abide resolution of G&K's action.

**I.     Fact Witness Discovery** – Fact discovery will commence immediately upon the issuance of the Case Management Order for a period of six (6) months. Extensions for additional time for fact discovery may be granted upon a good faith showing of reasonable necessity.

**J.     Disclosure and Discovery of Expert Testimony** – Expert disclosure shall not begin until after the completion of fact discovery. The parties shall meet and confer sixty (60) days prior to the close of fact discovery to discuss expert discovery scheduling and sequencing. The Parties shall file a joint report thereon thirty (30) days prior to the close of fact discovery.

**K.     General Discovery:**

**1. Interrogatories**. Plaintiff may propound sixty (60) single-part question interrogatories to each Defendant. Defendants may propound on Plaintiff a single set of twenty (20) single-part question common interrogatories. Additionally, each individual Defendant may propound on Plaintiff up to forty (40) single-part question interrogatories.  These presumptive limits may be adjusted by agreement of the affected parties or by leave of Court.

**2. Requests for Production**. Plaintiff may propound up to twenty-five (25) requests for production to each Defendant. Defendants may propound on Plaintiff a single set of fifteen (15) requests for production. Additionally, each individual Defendant may propound on Plaintiff up to ten (10) individual requests for production. These presumptive limits may be adjusted by agreement of the affected parties or by leave of Court.

**3. Depositions**. The Rule 30(a)(2)(A), Federal Rules of Civil Procedure, presumptive limit of ten (10) depositions shall not apply. The Parties agree to presumptive duration limits of one day of seven (7) hours for fact witnesses and two (2) days for Rule 30(b)(6) and expert depositions, and that more time for any specific deposition will be permitted upon a good faith showing of reasonable necessity.

**4. Requests for Admission**. There shall be no presumptive limitation on requests for admission pursuant to Rule 36, Federal Rules of Civil Procedure.  Any Party may, however, move to limit such as excessive under Rule 26(b)(1).

**5.  Discovery Completed by Deadline** – The Case Management Order contemplates that each party will conduct discovery in such a manner as to complete, within the deadline, any and

7

all discovery.  Additionally, the Parties have an existing obligation to avoid duplicative and unnecessary discovery.

L.      **Admission of Discovery from the RID Litigation**

**1. Depositions and Deposition Exhibits** - Parties agree that all depositions and deposition exhibits in the *RID v. SRP* litigation are deemed as having been produced in this litigation and may be used by any party as permitted by applicable law.

**Plaintiff's Additonal Proposal**:

Defendants will provide to G&K a list of depositions taken in *RID v. SRP* so that G&K may request from Defendants any deposition transcripts and deposition exhibits not in G&K's possession.

**Defendants' Additional Proposal**: G&K shall obtain from RID all depositions and exhibits in the RID Litigation not in G&K's possession.

**Platiniiff's Proposal:**

**2. Discovery in *RID v. SRP* Litigation –** Within thirty (30) days after the Case Management Order, Defendants shall provide G&K with paper or electronic copies of all discovery requests and responses propounded by RID or Defendants in the *RID v. SRP* litigation.  Defendants will also provide G&K discs with all documents produced by all parties in the *RID v. SRP* litigation.

**Defendants Response to Plaintiff's Propsoal:**

Plaintiff's request is overly burdensome and unnecessary and should be denied.  RID is G&K's client who has access and control over all the discovery in the RID Litigation. Defendants should not be obligated to provide discovery in another case in which G&K's client was the plaintiff and can more easily provide this discovery to G&K.

  **3. Other Discovery Exchanged between the Parties and Generated or Responded to by RID** – Parties agree that parties may provide Notice to other Parties of specific discovery exchanged between the Parties in the RID litigation or generated or responded to by RID which the noticing Party designates as being relevant to this litigation and wants it deemed produced in this litigation. Such Notice shall include copies of the specific discovery in question. If it so chooses, a Party has ten (10) business days to object. If no objection is made, the discovery will be deemed produced in this litigation and may be used by any Party as permitted by applicable law. If objection is made, the Parties will meet and confer to resolve the dispute. If no resolution is reached, the Parties will treat the matter as a discovery dispute and proceed accordingly to bring the matter before the court for resolution.

**M.** **Protective Orders** – Any Party seeking a protective order shall draft a proposed stipulated protective order for review by the other Parties. If an agreement among the Parties cannot be reached, the proposing Party shall file a motion seeking entry of the protective order, and the other Parties will have fifteen (15) days to object to the same.

**N.** **Electronic Production**. In order to deal with electronic production, any Party may draft a proposed stipulated order regarding the format of electronic production of hard copy documents, and duty (or absence thereof) to preserve electronically stored information that is not reasonably accessible (voice messages, instant messages, texts, and so forth) for other Parties' review. If an agreement among the Parties cannot be reached, any Party may file a motion seeking entry of the proposed electronic discovery order, and Parties will have an opportunity to object to the same.

**O.** **Attendance of Non-Parties at Deposition** - Notwithstanding any provisions of the FRCP or any other provisions of this Order, non-Parties, other than persons designated as a

Party representative(s) or a Party's consultant or expert shall not be allowed to attend, physically, electronically or otherwise, the deposition of any other witness in this case without an order of the Court to the contrary.

P.  **Duty of Parties to Supplement Discovery** - Counsel are reminded of their duty under Rule 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests.

Q.  **Obligation of Parties to Resolve Discovery Disputes** - Pursuant to LRCiv. 7.2(j), parties must personally consult and make a sincere effort to resolve a discovery dispute before seeking the Court's assistance. If the parties are unable to resolve a discovery dispute, the parties shall notify the Court by telephone at (520) 205-4520, and the Court will schedule a telephonic conference. Written briefs shall be filed only at the direction of the Court.

R.  **Dispositive Motions** - may be filed at any time, subject to the right of the non-movant to invoke Rule 56(d).

    1. Requests for oral argument on a motion shall be made at the time the motion or response is filed, pursuant to LRCiv. 7.2(f).

    2. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be indexed with tabs that correspond to the Table of Contents.

    3. Parties may not file cross motions for summary judgment included in a response. Parties must file a separate motion for summary judgment.

    4. Defendants shall make reasonable efforts to respond jointly on common issues and to avoid repetition or duplication in their motion papers.

S.  **Joint Settlement Status Report** - Counsel shall file a brief Joint Settlement Status Report (containing no specific settlement terms or offers) on or before June 15, 2019, and every

ninety (90) days thereafter. Should this action be resolved through settlement, the parties shall advise the Court within ten (10) days of settlement. Should the parties wish to participate in a Settlement Conference through the Court, they are directed to contact the Court at (520) 205-4520. The parties are advised that the referral to a specific magistrate judge may be arranged if so stipulated by the parties. Alternatively, a referral will be made randomly.

**T.     Joint Proposed Pretrial Order** - The deadline for filing a Joint Proposed Pretrial Order shall be determined upon finalization of the second phase, expert discovery deadlines. Generally, this will be within thirty (30) days after resolution of the dispositive motions filed after the end of discovery. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. A status conference regarding the trial date will be set after the Joint Proposed Pretrial Order is received.

**U.     Jury Trial Request**

This litigation will be tried to this Court.

**V.     Estimated Length of Trial**

The parties estimate ten (10) days trial days.

**RESPECTFULLY SUBMITTED** this 28th day of May, 2019.

                    WILLIAM G. MONTGOMERY
                    MARICOPA COUNTY ATTORNEY'S OFFICE

                     BY:  /s/Ann Thompson Uglietta
                          Ann Thompson Uglietta
                          Maxine S. Mak
                          Attorneys for Defendant Maricopa County

PEARSON LAW GROUP LLC

BY: /s/William W. Pearson
    William W. Pearson
    Attorney for Defendant Maricopa County

GORDON REES SCULLY MANSUKHANI LLP

BY: /s/ John L.Condrey
    John L. Condrey
    Andy S. Jacob
    Kira N. Barrett
    Attorneys for Defendant Prudential Supply

PERKINS COIE LLP

BY: /s/ Chris D.Thomas
    Chris D. Thomas
    Andrea Driggs
    Attorneys for Defendant City of Phoenix

GALLAGHER & KENNEDY

BY: s/s Michael K. Kennedy
    Michael K. Kennedy
    Mark Dangerfield
    Attorneys for Plaintiff Gallagher & Kennedy P.A.

CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019 I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable David A. Ezra
United States District Court
John H. Wood, Jr. United States Courthouse
655 East Cesar E. Chavez Boulevard, 3rd Floor
San Antonio, TX 78206

Honorable Bruce G. Macdonald
United States District Court
Evo A. DeConcini U.S. Courthouse
405 W. Congress St., Suite 3180
Tucson, AZ 85701-5054