# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gallagher & Kennedy, PA,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix, *et al.*,<br><br>    Defendants. | No. CV-16-04447-PHX-DAE (BGM)<br><br>**AMENDED SCHEDULING ORDER**<br>(Amended as to caption only) |

The Court has reviewed the parties' Joint Report and conducted a Scheduling Conference on June 4, 2019. Accordingly, **IT IS HEREBY ORDERED** that the parties abide by the following schedule and rules:

  A. **Amendment of pleadings and the addition of claims.** During the Scheduling Conference, Plaintiff stated that it will not be amending its Complaint. Defendants shall file any cross- or counter-claims pursuant to Rule 13, Federal Rules of Civil Procedure, on or before **August 16, 2019**. Any discovery regarding potential cross-claims shall be deferred until judgment is entered in Plaintiff's case against Defendants.

  Defendants shall file any third-party complaints pursuant to Rule 14, Federal Rules of Civil Procedure, on or before **August 16, 2019**. The Court finds that Defendants' previous motion (Doc. 353) seeking to have the issue of third-party claims addressed at the settlement conference, and the Court's Order (Doc. 360) granting that motion resulted in Defendants' having sought and received leave to proceed with any third-party practice deemed appropriate up to the deadline contained herein. If

Defendants seek to add additional claims after the August 16, 2019 deadline, leave of Court is required.

  B. **Initial disclosures** shall be exchanged on or before **July 10, 2019**.

  C. Disclosure of **expert testimony** shall not occur until after the completion of fact discovery.

    1. The Parties shall meet and confer regarding scheduling for expert witnesses on or before **October 10, 2019**.

    2. The Parties shall file a joint report regarding deadlines for expert testimony discovery and disclosure on or before **November 10, 2019**.

  D. Parties shall disclose the names of all **fact witnesses** to be used at trial pursuant to the provisions of Federal Rule 26(a)(3) on or before **November 8, 2019**.

  E. All **fact discovery**, including depositions of parties and witnesses shall be completed by **December 10, 2019**.

    1. *Interrogatories.* Plaintiff may propound sixty (60) single-part interrogatories to each Defendant. Defendants may propound on Plaintiff a single set of twenty (20) single-part question common interrogatories. Each individual Defendant may propound up to forty (40) single-part question interrogatories. These presumptive limits may be adjusted by stipulation of the affected parties or by leave of Court.

    2. *Requests for Production.* Plaintiff may propound up to twenty-five (25) requests for production to each Defendant. Defendants may propound on Plaintiff a single set of fifteen (15) requests for production. Each individual Defendant may propound up to ten (10) individual requests for production. These presumptive limits may be adjusted by stipulation of the affected parties or by leave of Court.

    3. *Depositions.* The Rule 30(a)(2)(A), Federal Rules of Civil Procedure, presumptive limit of ten (10) depositions shall not apply. Fact witness depositions shall be one (1) day of seven (7) hours. Expert and Rule 30(b)(6) witness depositions shall be limited to two (2) days. If more time is required for a specific deposition, such request will be granted upon a good faith showing of reasonable

necessity.

4. *Requests for Admission*. There shall be no presumptive limitation on requests for admission pursuant to Rule 36, Federal Rules of Civil Procedure. If necessary, any Party may move to limit the same as excessive pursuant to Rule 26(b)(1).

5. Notwithstanding any provisions of the Federal Rules of Civil Procedure or any other provisions of this Order, non-Parties, other than persons designated as a Party representative(s) or a Party's consultant or expert shall *not* be allowed to attend, physically, electronically or otherwise, the deposition of any other witness in this case without an Order of the Court to the contrary.

6. Counsel are reminded of their duty under Rule 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. *This Order contemplates that all exhibits and witnesses that may be offered at trial will have been disclosed before the close of discovery.* This Order, therefore, supersedes the "30 days before trial" disclosure deadline contained in Rule 26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or (2) failure to timely supplement responses to any valid discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner as to allow for meaningful discovery prior to the discovery cutoff date, may result in the exclusion of such evidence at trial or the imposition of sanctions.

7. Pursuant to LR Civ. 7.2(j), parties must personally consult and make a sincere effort to resolve a discovery dispute before seeking the Court's assistance. If the parties are unable to resolve a discovery dispute, the parties shall notify the Court **by telephone** at (520) 205-4520, and the Court will schedule a telephonic conference. **Written briefs shall be filed only at the direction of the Court.**

F. All discovery produced in the ***Roosevelt Irrigation District v. Salt River***

*Project Agricultural Improvement and Power District, et al.*[1] litigation; propounded by RID on the City of Phoenix, County of Maricopa, or Prudential Overall; or propounded by the City of Phoenix, County of Maricopa, or Prudential Overall shall be deemed produced in this case and may be used by any party as permitted by applicable law.

    1. *Depositions and Deposition Exhibits.* Defendants will provide Plaintiff with a disk containing the depositions and deposition exhibits from the *RID v. SRP, et al.* litigation.

    2. *Discovery in* RID v. SRP *Litigation.* Defendant City of Phoenix has agreed to make available to Plaintiff all discovery produced in the RID litigation, as well as copies of discovery propounded by RID on the City of Phoenix, County of Maricopa or Prudential Overall and propounded by the City of Phoenix, County of Maricopa, or Prudential Overall on RID. If any disputes arise regarding discovery from the RID litigation, the Parties shall follow the general procedure outlined in Section E.7., *supra*, for resolving discovery disputes.

G.     Any Party seeking a **Protective Order** shall draft a proposed stipulated protective order for review by the other parties. If an agreement among the Parties cannot be reached, the Parties shall follow the general procedure outlined in Section E.7., *supra*, for resolving discovery disputes.

H.     Any Party may draft a proposed stipulated order regarding the format of **electronic production** of hard copy documents, and duty (or absence thereof) to preserve electronically stored information that is not reasonably accessible, e.g., voice messages, instant messages, and texts, for review by the other Parties. If an agreement among the Parties cannot be reached, the Parties shall follow the general procedure outlined in Section E.7., *supra*, for resolving discovery disputes.

I.     **Dispositive motions** shall be filed on or before **March 1, 2020**.

    1.     If a party seeks oral argument on a motion, he shall request it at the

---

[1] Case No. CV-10-00290-PHX-DAE (BGM).

time the motion or response is filed, pursuant to LRCiv. 7.2(f).

2. Pursuant to LRCiv. 7.2, parties may file a motion, response, and reply. No additional briefing on a motion is allowed unless leave of Court is granted. Failure to file a response may be deemed a consent to a granting of the motion. A response must be served and filed within fourteen (14) days of service of the motion; the moving party has seven (7) days from service to serve and file a reply. Rule 56, Federal Rules of Civil Procedure, motions for summary judgment and Rule 12(b)(1), Federal Rules of Civil Procedure, motions to dismiss for lack of subject matter jurisdiction provide an exception to the above time limits – time for response is thirty (30) days and for reply fifteen (15) days. Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed seventeen (17) pages; a reply shall not exceed eleven (11) pages.

3. Pursuant to LRCiv. 56.1(b) all oppositions to motions for summary judgment shall include specific disputes of fact and where the record supports the dispute.

4. **A paper courtesy copy** of electronically filed substantive documents **must** be provided to the Court pursuant to LRCiv. 5.4 and the Electronic Case Filing Administrative Policies and Procedures Manual. Counsel are directed to those authorities for a list of documents that require a courtesy copy.

5. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be **indexed with tabs** that correspond to the Table of Contents.

6. **Do not file cross motions for summary judgment included in a response**. File a separate motion for summary judgment. Additionally, counsel shall not file separate motions for summary judgment for each issue; although a motion for partial summary judgment prior to the discovery deadline is acceptable.

7. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

J.  Counsel shall file a brief **Joint Settlement Status Report** (containing no specific settlement terms or offers) on or before **July 25, 2019**, and every **ninety (90) days** thereafter.  Should this action be resolved through settlement, the parties shall advise the Court within ten (10) days of settlement.  Should the parties wish to participate in a Settlement Conference through the Court, they are directed to contact the Court at (520) 205-4520.  The parties are advised that the referral to a specific magistrate judge may be arranged if so stipulated by the parties.  Alternatively, referral will be made randomly.

K.  Counsel shall file a **Joint Proposed Pretrial Order** within **thirty (30) days after resolution of the dispositive motions** filed at the end of discovery.  This date is to be determined pending Discovery Phase II—Expert discovery.

L.  All non-dispositive motions shall be accompanied by a **form of order** for the Court's signature.  Pursuant to LRCiv. 7.1(b)(2), the form of order shall be prepared on a separate document containing the case caption.  The form of order **shall not contain the parties' letterhead**.  Counsel are directed to review the Electronic Case Filing Administrative Policies and Procedures Manual for proper format and content.  Forms of order shall be e-mailed to chambers at macdonald_chambers@azd.uscourts.gov.

M.  **Motions for extensions** of any of the deadlines set forth above shall be governed by Rule 16, Federal Rules of Civil Procedure and LRCiv. 7.3.  A motion for continuance shall be filed prior to the expiration of the deadline.  *See* LRCiv. 7.3.  The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–10 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond the scheduling order deadline).  Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

This order contemplates that each party will conduct discovery in such a manner

as to complete, within the deadline, any and all discovery. "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

Dated this 13th day of June, 2019.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge