Stephen L. Wetherell (Bar No. 15353)
Assistant City Attorney
CITY OF PHOENIX
200 West Washington, 13th Floor
Phoenix, Arizona 85003-1611
Telephone: (602) 495-5854
Facsimile: (602) 534-2476
Stephen.Wetherell@phoenix.gov

Christopher D. Thomas (Bar No. 010482)
Matthew L. Rojas (Bar No. 025030)
Andrea J. Driggs (Bar No. 023633)
Barry G. Stratford (Bar No. 029923)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
DocketPHX@perkinscoie.com
CThomas@perkinscoie.com
MRojas@perkinscoie.com
ADriggs@perkinscoie.com
BStratford@perkinscoie.com

*Attorneys for Defendant/Cross-Claimant City of Phoenix*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Gallagher & Kennedy, PA,

Plaintiff,

v.

City of Phoenix, et al.,

Defendants.

Case No. CV-16-04447-DAE-BGM

**CITY OF PHOENIX'S CROSS-CLAIMS AGAINST CO-DEFENDANTS MARICOPA COUNTY AND PRUDENTIAL OVERALL SUPPLY**

(Assigned to the Honorable David A. Ezra and the Honorable Bruce G. Macdonald)

City of Phoenix, a political subdivision of the State of Arizona,

Cross-Claimant,

vs.

Maricopa County, a political subdivision of the State of Arizona; Prudential Overall Supply, a California corporation; Jane Does I-X; ABC Corporation I-X; DEF, LLCs I-X; and XYZ Partnerships I-X,

Cross-Defendants.

Defendant/Cross-Claimant City of Phoenix ("City"), for its cross-claims against Defendants/Cross-Defendants Maricopa County ("County") and Prudential Overall Supply ("Prudential"), alleges as follows:

**NATURE OF THE ACTION**

1. The underlying case herein purports to be a civil action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 et seq. ("CERCLA").

2. Plaintiff law firm, Gallagher & Kennedy, P.A., ("G&K") previously served as counsel on a contingent fee basis for Roosevelt Irrigation District ("RID") in a separate CERCLA against defendants and dozens of others, No. CV-10-00290-DAE (BGM) (the "RID Case"). The RID Case was settled for $1.2 million and dismissed with prejudice on April 17, 2018 (Dkt. 1568). Settlement of the RID case was prompted by the Court's two rulings (Dkts. 1366 and 1392) holding that RID lacked standing to recover alleged costs that it had not incurred and had no non-contingent obligation to pay. The costs for which RID lacked standing to pursue included G&K's attorney fees, professional services advanced by Synergy Environmental LLC ("Synergy"), and costs paid by Spinnaker Holdings, LLC ("Spinnaker") for well-head treatment at four RID wells.

3. G&K's complaint herein was filed on December 16, 2016, shortly after the Court's first ruling on November 22, 2016 (Doc. 1366). As to G&K, a significant portion

of the alleged costs at issue in the RID Case consisted of G&K's unpaid accrual revenue, "billed" to RID but not required to be paid under the G&K-RID retention agreement.

4. On December 16, 2016, the same day G&K filed its Complaint, Synergy and Spinnaker filed their own CERCLA complaint, No. 2:16-cv-04448-DAE (BGM), alleging claims against twenty-five (25) Defendants, including Cross-Claimant that identically tracked the defendants and claims made by RID in its Third Amended Complaint in the RID Case. On April 16, 2018, Spinnaker and Synergy notified the Court all defendants were voluntarily dismissed without prejudice (Dkt. #161) after which, the next day on April 17, 2018, the Court closed the case (Dkt. #164).

5. No facts or law in G&K's Complaint or in G&K's Initial Disclosure Statement establishes G&K has standing to seek recovery of alleged costs incurred by Synergy and Spinnaker, as set forth in the Synergy/Spinnaker complaint in No. 2:16-cv-04448-DAE (BGM).

6. G&K alleges in its Complaint (Dkt. # 1 ¶ 52) that G&K has incurred at least $15,000,000 in response costs, $6,741,144.18 of which it purports to list in Exhibit B (Dkt. 1-2) in damages.

## JURISDICTION AND VENUE

7. This action arises under Section 113 of CERCLA, 42 U.S.C. § 9613.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 9613(b).

9. Venue lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §§ 9607(a) and 9613(b). The claims asserted in this Cross-Claim arose in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

10. G&K alleges in its Complaint and in other filings that many facilities within metropolitan Phoenix, including individual properties owned by Cross-Claimant and Cross-Defendants, released hazardous substances into groundwater.

11. G&K alleges that, on RID's behalf, it incurred response costs to treat contaminated groundwater to drinking water standards, even though RID's sole business is to supply irrigation water to farmers, and the groundwater pumped by RID, at all relevant times, is fit for irrigation use without any treatment.

12. G&K further alleges that Cross-Claimant's liability should be joint and several which Cross-Claimant denies in its entirety. Cross-Claimant's liability, if any, for G&K's alleged costs, should not be joint but rather limited to its equitable share.

13. Further, Imposition of joint liability upon Cross-Claimant is inappropriate because G&K's alleged costs are capable of division or otherwise can be reasonably apportioned—even "based on the simplest of factors"—pursuant to *Burlington Northern & Santa Fe R.R. Co. v. United States*, 556 U.S. 599 (2009).

**FIRST CLAIM FOR RELIEF**
**Contribution against Cross-Defendants**

14. Cross-Claimant realleges and incorporates paragraphs 1-13 as if fully set forth herein.

15. Cross-Claimant denied and continues to deny any liability to G&K. Cross-Claimant further alleges that, should it be found liable, its liability should not be joint but rather limited to its equitable share. In the unlikely event that Cross-Claimant is ordered to pay G&K costs that should be properly borne by Cross-Defendants, Cross-Claimant is entitled to contribution pursuant to CERCLA, 42 U.S.C. § 9613(f) from Cross-Defendants for their respective shares of any response costs adjudged against Cross-Claimant.

16. Furthermore, if Cross-Claimant is required to pay any future necessary response costs pursuant to any declaratory judgment entered by the Court, then Cross-Defendants should be required to pay for their respective shares of any future necessary response costs adjudged against Cross-Claimant.

17. While Cross-Claimant denies any liability to G&K in this action, if Cross-Claimant is held liable to G&K for response costs or otherwise found liable to G&K for

any amount or obligation in excess of their equitable share of response costs, Cross-Defendants are liable to Counter-Claimant for any such excess amount pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment**

18. Cross-Claimant realleges and incorporates paragraphs 1-17 as if fully set forth herein.

19. There is a present and actual controversy between Cross-Claimant and Cross-Defendants concerning their respective rights and obligations with respect to the response costs associated with the RID Wells.

20. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages, A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action but must be commenced no later than 3 years after the date of completion of all response action, Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

42 U.S.C. § 9613(g)(2).

21. Cross-Claimant seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g), against Cross-Defendants holding them liable for their respective equitable shares of response costs, if any, which will be binding in any subsequent action to recover further response costs.

**WHEREFORE**, Cross-Claimant respectfully requests that the Court enter judgment in their favor and against the Cross-Defendants as follows:

A. In the event that Cross-Claimant is held liable for more than its fair share of G&K's alleged response costs, a judgment in favor of Cross-Claimant and against each Counter-Defendant, in an equitable amount;

B. A declaratory judgment that Cross-Claimant is entitled to recover an equitable portion of its future costs, including interest, from any other party or parties held liable;

C. A declaratory judgment against both Cross-Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs associated with the RID Wells.

D. An award of reasonable costs to Cross-Claimant; and

E. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED August 16, 2019.

**PERKINS COIE LLP**

By: s/ Barry G. Stratford
Christopher D. Thomas
Matthew L. Rojas
Andrea J. Driggs
Barry G. Stratford
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

Stephen L. Wetherell
Assistant City Attorney
CITY OF PHOENIX
200 West Washington, 13th Floor
Phoenix, Arizona 85003-1611

*Attorneys for City of Phoenix*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Janet Roe

145373700.1