John L. Condrey (SBN: 026220)
Kira N. Barrett (SBN: 029778)
Rachel L. Werner (SBN: 033361)
**Gordon Rees Scully Mansukhani, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-2474
Facsimile: (602) 265-4716
jcondrey@grsm.com
knbarrett@grsm.com
rwerner@grsm.com

*Attorneys for Defendant/Cross-Claimant Prudential Overall Supply*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gallagher & Kennedy, P.A., | CASE NO. CV-16-04447-DAE-BGM |
| Plaintiff, | |
| vs. | **PURSUANT TO FED. R. CIV. P. RULE 13, DEFENDANT PRUDENTIAL OVERALL SUPPLY'S CROSS-CLAIM AGAINST CO-DEFENDANTS CITY OF PHOENIX AND MARICOPA COUNTY** |
| City of Phoenix, et al., | |
| Defendants. | (Assigned to the Honorable David A. Ezra and the Honorable Bruce G. Macdonald) |
| Prudential Overall Supply, a California Corporation, | |
| Cross-Claimant, | |
| vs. | |
| City of Phoenix, a political subdivision of the State of Arizona; Maricopa County, a political subdivision of the State of Arizona; Jane Does I-X; ABC Corporations I-X; DEF, LLCs I-X; and XYZ Partnerships I-X, | |
| Cross-Defendants. | |

-1-

Defendant/Cross-Claimant Prudential Overall Supply ("Prudential"), for its cross-claims against Defendants/Cross-Defendants City of Phoenix ("City") and Maricopa County ("County"), allege as follows:

**NATURE OF THE ACTION**

1. The underlying case herein purports to be a civil action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 et seq. ("CERCLA").

2. Plaintiff law firm, Gallagher & Kennedy, P.A., ("G&K") previously served as counsel on a contingent fee basis for Roosevelt Irrigation District ("RID") in a separate CERCLA against defendants and dozens of others, No. CV-10-00290-DAE (BGM) ("the RID Case"). The RID Case was settled for $1.2 million and dismissed with prejudice on April 17, 2018 (Dkt. 1568). Settlement of the RID case was prompted by the Court's two rulings (Dkts. 1366 and 1392) holding that RID lacked standing to recover alleged costs that it had not incurred and had no non-contingent obligation to pay. The costs for which RID lacked standing to pursue included G&K's attorney fees, professional services advanced by Synergy Environmental LLC ("Synergy"), and costs paid by Spinnaker Holdings, LLC ("Spinnaker") for well-head treatment at four RID wells.

3. G&K's complaint herein was filed on December 16, 2016, shortly after the Court's first ruling on November 22, 2016 (Doc. 1366). As to G&K, a significant portion of the alleged costs at issue in the RID Case consisted of G&K's unpaid accrual revenue, "billed" to RID but not required to be paid under the G&K-RID retention agreement.

4. On December 16, 2016, the same day G&K filed its Complaint, Synergy and Spinnaker filed their own CERCLA complaint, No. 2:16-cv-04448-DAE (BGM), alleging

claims against twenty-five (25) Defendants, including Cross-Claimant that identically tracked the defendants and claims made by RID in its Third Amended Complaint in the RID Case. On April 16, 2018, Spinnaker and Synergy notified the Court all defendants were voluntarily dismissed without prejudice (Dkt. #161) after which, the next day on April 17, 2018, the Court closed the case (Dkt. #164).

5. No facts or law in G&K's Complaint or in G&K's Initial Disclosure Statement establishes G&K has standing to seek recovery of alleged costs incurred by Synergy and Spinnaker, as set forth in the Synergy/Spinnaker complaint in No. 2:16-cv-04448-DAE (BGM).

6. G&K alleges in its Complaint (Dkt. # 1 ¶ 52) that G&K has incurred at least $15,000,000 in response costs, $6,741,144.18 of which it purports to list in Exhibit B (Dkt. 1-2) in damages.

**JURISDICTION AND VENUE**

7. This action arises under Section 113 of CERCLA, 42 U.S.C. § 9613.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 9613(b).

9. Venue lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §§ 9607(a) and 9613(b). The claims asserted in this Cross-Claim arose in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

10. G&K alleges in its Complaint and in other filings, many facilities within metropolitan Phoenix, including individual properties owned by Cross-Claimant and

Cross-Defendants, released hazardous substances into groundwater.

11. G&K alleges that, on RID's behalf, it incurred responses costs to treat contaminated groundwater to drinking water standards, even though RID's sole business is to supply irrigation water to farmers, and the groundwater pumped by RID, at all relevant times, is fit for irrigation use without any treatment.

12. G&K further alleges that Cross-Claimant's liability should be joint and several which Cross-Claimant denies in its entirety. Cross-Claimant's liability, if any, for G&K's alleged costs, should not be joint but rather limited to its equitable share.

13. Further, Imposition of joint liability upon Cross-Claimant is inappropriate because G&K's alleged costs are capable of division or otherwise can be reasonably apportioned -- even "based on the simplest of factors" -- pursuant to *Burlington Northern & Santa Fe R.R. Co. v. United States*, 556 U.S. 599 (2009).

### FIRST CLAIM FOR RELIEF
### Contribution against Cross-Defendants

14. Cross-Claimant realleges and incorporates paragraphs 1-13 as if fully set forth herein.

15. Cross-Claimant denied and continues to deny any liability to G&K. Cross-Claimant further alleges that, should it be found liable, its liability should not be joint but rather limited to its equitable share. In the unlikely event that Cross-Claimant is ordered to pay G&K costs that should be properly borne by Cross-Defendants, Cross-Claimant is entitled to contribution pursuant to CERCLA, 42 U.S.C. § 9613(f) from Cross-Defendants for their respective shares of any response costs adjudged against Cross-Claimant.

16. Furthermore, if Cross-Claimant is required to pay any future necessary

response costs pursuant to any declaratory judgment entered by the Court, then Cross-Defendants should be required to pay for their respective shares of any future necessary response costs adjudged against Cross-Claimant.

17. While Cross-Claimant denies any liability to G&K in this action, if Cross-Claimant is held liable to G&K for response costs or otherwise found liable to G&K for any amount or obligation in excess of their equitable share of response costs, Cross-Defendants are liable to Counter-Claimant for any such excess amount pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

## SECOND CLAIM FOR RELIEF
**Declaratory Judgment**

18. Cross-Claimant realleges and incorporates paragraphs 1-36 as if fully set forth herein.

19. There is a present and actual controversy between Cross-Claimant and Cross-Defendants concerning their respective rights and obligations with respect to the response costs associated with the RID Wells.

20. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages, A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action but must be commenced no later than 3 years after the date of completion of all response action, Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

42 U.S.C. § 9613(g)(2).

Cross-Claimant seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g), against Cross-Defendants holding them liable for their respective equitable shares of response costs, if any, which will be binding in any subsequent action to recover further response costs.

**WHEREFORE**, Cross-Claimant respectfully requests that the Court enter judgment in their favor and against the Cross-Defendants as follows:

A. In the event that Cross-Claimant is held liable for more than its fair share of G&K's alleged response costs, a judgment in favor of Cross-Claimant and against each Counter-Defendant, in an equitable amount;

B. A declaratory judgment that Cross-Claimant is entitled to recover an equitable portion of its future costs, including interest, from any other party or parties held liable;

C. A declaratory judgment against both Cross-Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs associated with the RID Wells.

D. An award of reasonable costs to Cross-Claimant; and

E. Such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 16th day of August, 2019.

        **GORDON REES SCULLY MANSUKHANI, LLP**

        By: */s/ Kira N. Barrett*_____
             John L. Condrey
             Kira N. Barrett
             Rachel Werner
             *Attorneys for Defendant*
             *Prudential Overall Supply*

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, Arizona 85004

1  Copies of the foregoing
   mailed this 16th day
2  of August, 2019 to the following:

3  William G. Montgomery
   Maricopa County Attorney
4
   Ann Thompson Uglietta
5  Maxine S. Mak
   Deputy County Attorneys
6  CIVIL SERVICE DIVISION
   Security Center Building
7  222 North Central Avenue, Suite 1100
   Phoenix, Arizona 85004
8  MCAO Firm No. 00032000
   uglietta@mcao.maricopa.gov
9  makm@mcao.maricopa.gov
   ca-civilmailbox@mcao.maricopa.gov
10
   William W. Pearson
11 PEARSON LAW GROUP, LLC
   3509 East Shea Boulevard
12 Phoenix, Arizona 85028
   wink@pearsonlg.com
13
   Michael K. Kennedy
14 Mark C. Dangerfield
   GALLERGHER & KENNEDY, P.A.
15 2575 East Camelback Road, Suite 1100
   Phoenix, Arizona 85016
16 mkk@gknet.com
   mark.dangerfield@gknet.com
17
   Christopher D. Thomas
18 Matthew L. Rojas
   Andrea J. Driggs
19 Barry G. Stratford
   PERKINS COIE LLP
20 2901 North Central Avenue, Suite 200
   Phoenix, Arizona 85012-2788
21 adriggs@perkinscoie.com
   ethomas@perinscoie.com
22

23 Stephen L. Wetherell
   Assistant City Attorney
24 CITY OF PHOENIX
   200West Washington, 13th Floor
25 Phoenix, Arizona 85003-1611
   Stephen.Wetherell@phoenix.gov
26

27
   /s/ Kimberley M. Davison
28