John L. Condrey (SBN: 026220)
Kira N. Barrett (SBN: 029778)
Rachel L. Werner (SBN: 033361)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two N. Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-2474
Facsimile: (602) 265-4716
jcondrey@grsm.com
knbarrett@grsm.com
rwerner@grsm.com

*Attorneys for Defendant Prudential Overall Supply*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gallagher & Kennedy, PA. | No. 2:16-cv-04447-DAE-BGM |
| Plaintiff, | |
| v. | **PRUDENTIAL OVERALL SUPPLY'S FIRST AMENDED THIRD-PARTY COMPLAINT** |
| City of Phoenix, et al., | |
| Defendants. | |
| Prudential Overall Supply, a California corporation, | |
| Third-Party Plaintiff, | |
| vs. | |
| Air Born, Inc., a Texas Corporation f/k/a/ AESCO, Inc., an Ohio corporation; Arizona Western Dry Cleaning, an unidentified entity; Belden Communications Co., a Delaware Corporation; Celgene Corporation, a Delaware Corporation; Dolphin Incorporated, an Arizona Corporation; G&K Textile Services, Inc., a Minnesota Corporation; Milum Textile Services Co., an Arizona Corporation; Moon Dry Cleaners, an unidentified entity; Southwest Products | |

1

Corporation, an Arizona Corporation; Uni-Tek Precision, Inc., an Arizona Corporation; Zep Manufacturing Company, a Delaware Corporation; John and Jane Does I-X; Black and White Corporations I-X; ABC LLCs I-X; and XYZ Partnerships I-X.

Third-Party Defendants.

Defendant/Third-Party Plaintiff Prudential Overall Supply ("Prudential" or "Third-Party Plaintiff"), for its First Amended Third-Party Complaint[1] against Air Born, Inc., f/k/a/ AESCO, Inc., Arizona Western Dry Cleaning, Belden Communications Co., Celgene Corporation, Dolphin Incorporated, G&K Textile Services Inc., Milum Textile Services Co., Moon Dry Cleaners, Southwest Products Corporation,  Uni-Tek Precision, Inc., Zep Manufacturing Co., John and Jane Does I-X; Black and White Corporations I-X; ABC LLCs I-X; and XYZ Partnerships I-X (collectively "Third-Party Defendants") allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended 42 U.S.C. § 9601 et seq. ("CERCLA").

2. This case arises out of a purported civil action under CERCLA brought by Plaintiff law firm, Gallagher & Kennedy, PA ("G&K"), against Defendant/Third Party Plaintiff Prudential, and Defendants Maricopa County ("County") and the City of Phoenix ("City").

3. Plaintiff G&K previously served as counsel on a contingent fee basis for Roosevelt Irrigation District ("G&K) in a separate CERCLA action against Defendants and dozens of others, No. CV-10-00290-DAE (BGM) ("the RID Case").  The RID Case was settled for $1.2 million and dismissed with prejudice on April 17, 2018 (Dkt. #1568).  Settlement of the RID Case was prompted by the Court's two rulings (Dkts. ## 1366 and 1392) holding that RID lacked standing

---

[1] Prudential filed a Joint Third-Party Complaint with Maricopa County.  Prudential's First Amended Complaint shall have no effect on Maricopa County's Third-Party Complaint.  By filing this First Amended Third-Party Complaint, Prudential intends to separate its Third-Party Complaint from that of Maricopa County, including the parties Prudential intends to pursue by way of its First Amended Third-Party Complaint.

2

to recover alleged costs that it had not incurred and had no non-contingent liability to pay. The costs for which RID had no standing to pursue included G&K's attorney fees, professional services advanced by Synergy Environmental LLC ("Synergy"), and costs paid by Spinnaker Holdings, LLC ("Spinnaker") for well-head treatment at four RID wells.

4. On December 16, 2016, three weeks after the Court ruled that RID had no standing to recover costs RID did not pay, G&K filed its Complaint (Dkt. # 1) against thirty-one (31) Defendants, alleging, under CERCLA, every named Defendant was jointly and severally liable to G&K for costs allegedly incurred by G&K, on behalf of RID.

5. On December 16, 2016, the same day G&K filed its Complaint, Synergy and Spinnaker filed their own CERCLA complaint, No. 2:16-cv-04448-DAE (BGM), alleging claims against twenty-five (25) Defendants that identically tracked the defendants and claims made by RID in its Third Amended Complaint in the RID Case. On April 16, 2018, Spinnaker and Synergy notified the Court all defendants were voluntarily dismissed without prejudice (Dkt. #161) after which, the next day on April 17, 2018, the Court closed the case (Dkt. #164).

6. No facts or law in G&K's Complaint or in G&K's Initial Disclosure Statement establishes G&K's standing to seek recovery of alleged costs incurred by Synergy and Spinnaker, as set forth in the Synergy/Spinnaker complaint in No. 2:16-cv-04448-DAE (BGM).

7. Without explanation in its Complaint (Dkt. # 1 ¶ 52) G&K alleges, on behalf of RID, incurred at least $15,000,000 in response costs yet describes its Complaint as an "initial action" with an attached statement of damages, Exhibit B (Dkt. # 1-2), that lists only $6,741,144.18 in damages most of which are for G&K fees, Synergy fees and Spinnaker costs.

8. On September 21, 2018, G&K filed a Notice of Dismissal (Dkt. # 306), dismissing without prejudice, twenty-eight (28) of its original thirty-one (31) Defendants leaving only three Defendants, Prudential, the County, and City, to defend against G&K's claims.

9. On June 12, 2019, after a June 4, 2019 Scheduling Conference, the Court issued a Scheduling Order (Dkt. # 373) that provided, *inter alia*, that Defendants shall file third-party complaints, without the need for prior court approval, on or before August 16, 2019.

10. Defendant/Third-Party Plaintiff denies G&K's allegations in their entirety as flawed in fact and law. Third-Party Plaintiff further alleges, that should it be found liable, its liability should not be joint but rather limited to its equitable share. In the unlikely event that Third-Party Plaintiff is ordered to pay G&K's alleged costs that should be properly borne by other parties, then Third-Party Plaintiff is entitled to contribution pursuant to CERCLA, 42 U.S.C. § 9613(f) from Third-Party Defendants for its respective shares of any responses costs adjudged against Third-Party Plaintiff.

## JURISDICTION AND VENUE

11. This action arises under Section 113 of CERCLA, 42 U.S.C. § 9613.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 9613(b).

13. Venue lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §§ 9607(a) and 9613(b). The claims asserted in this Third-Party Complaint arose in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

14. G&K alleges that RID owns and operates approximately 100 groundwater wells located west of Phoenix in the western portion of Maricopa County that are used to supply irrigation water to public and private entities for industrial and agricultural use.

15. G&K alleges that at least twenty of RID's wells are contaminated with hazardous substances including, but not limited to, TCE, PCE, TCA, 1,1-DCA, 1,1-DCE, 1,2-DCA, cis-1,2-DCE, and MTBE. G&K further alleges that these contaminants were released from three regional sites, previously identified by EPA and ADEQ: Motorola 52nd Street Superfund Site, West Van Buren Area WQARF Site, and West Central Phoenix WQARF Site.

16. G&K alleges in its Complaint and in other filings, many facilities, including Third-Party Plaintiffs' property, in the three regional sites released one or more of the identified contaminants into groundwater.

17. G&K alleges that, on RID's behalf, it incurred responses costs to treat contaminated

4

groundwater to drinking water standards, even though RID's sole business is to supply irrigation water to farmers, and the groundwater pumped by RID, at all relevant times, is fit for irrigation use without any treatment.

18. To respond to the alleged contamination of the RID wells, G&K alleges that G&K, on behalf of RID, incurred response costs for which G&K can obtain joint and several reimbursement from Third-Party Plaintiff under CERCLA 42 U.S.C. §§ 9601 to 9675.

## THIRD-PARTY DEFENDANTS

19. Each Third-Party Defendant identified in this Third-Party Complaint is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

20. Each Third-Party Defendant is a current or former "owner or operator" of a "facility" within the meaning of Sections 101(9) and (20) of CERCLA, 42 U.S.C. §§ 9601(9) and (20).

21. **Air Born, Inc., f/k/a AESCO, Inc.**, ("AESCO"). According to public information and ADEQ documents, AESCO Inc., previously owned and/or operated a facility at 5133 West Latham Street, Phoenix, AZ, from which there has been an alleged release or threatened release of hazardous substances, including TCE in the soil and in the groundwater.

22. The contaminants potentially released at AESCO are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

23. **Arizona Western Dry Cleaning ("Arizona Western").** According to public information and ADEQ documents, Arizona Western Dry Cleaning owned and/or operated a facility at 5144 West McDowell Road, Phoenix, AZ, from which there has been an alleged release or threatened release of hazardous substances during its period of ownership or operation.

24. The contaminants potentially released at the Arizona Western facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

25. **Belden Communications Co., ("Belden")**. According to public information and

5

ADEQ documents, Belden Communications Co., owned and/or operated the facility located at 505 North 51st Avenue, Phoenix, AZ, from which there allegedly has been a release or threatened release of hazardous substances including 1,1,1-TCA in the soil and in the groundwater.

26. The contaminants potentially released at the Belden facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

27. **Celgene Corporation ("Celgene").** According to public information and ADEQ documents, Celgene Corporation owns and/or operates the facility located at 620 North 51st Avenue, Phoenix, AZ, from which there has been an alleged release or threatened release of release of hazardous substances including 1,1,1-TCA in the soil and in the groundwater.

28. The contaminants potentially released at the Celgene facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

29. **Dolphin Incorporated ("Dolphin").** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Dolphin Incorporated owns and/or operates a facility located at 740 South 59th Avenue, Phoenix, AZ, from which there has been an alleged release or threatened release of a hazardous substance. Further G&K alleges TCA, PCE, TCE, 1,1-DCE, 1.1- DCA, and cis-1,2-DCE are present in the soil and PCE, TCE, TCA, 1,1- DCE, 1,1-DCA, cis-1,2-DCE, and 1,2- DCA are present in the groundwater at the 740 South 59th Avenue facility.

30. The contaminants allegedly released at the Dolphin facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

31. **G&K Textile Services Inc., ("G&K Textile").** According to public information and ADEQ documents, G&K Textile Services Inc., owns and/or operates the facility located at 4804 East Roosevelt Street, Phoenix, AZ, from which there has been an alleged release or threatened release of a hazardous substance, or G&K Textile Services Inc., formerly owned or

6

operated that facility at the time of an alleged release or threatened release of a hazardous substance at the facility, which includes PCE in the soil and in the groundwater.

32. The contaminant potentially released at the G&K Textile facility is the same one that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

33. **Milum Textile Services Co**. According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Milum Textile Services Co. owns and/or operates facilities located at 333 North 7th Ave in Phoenix, AZ, from which there has been a release or threatened release of a hazardous substance, or Milum formerly owned or operated that facility at the time of a release or threatened release of hazardous substances at the facility that include PCE, TCE, TCA, and 1,1-DCE in the soil at the facility located at 333 North 7th Ave and PCE, TCE, and, 1,1-DCE in the groundwater.

34. The contaminants allegedly released at the Milum Textile Services Co. are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

35. **Moon Dry Cleaners.** According to public information and ADEQ documents, Moon Dry Cleaners formerly owned and/or operated the facility located at 5132 West McDowell Road, Phoenix, AZ, from which there has been an alleged release or threatened release of hazardous substances during its period of ownership or operation.

36. The contaminants potentially released at the Moon Dry Cleaners facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

37. **Southwest Products Corporation.** Southwest Products Corporation owns and/or operates the facility located at 5143 West Roosevelt Street, Phoenix, AZ, from which there has been an alleged release or threatened release of a hazardous substance, or Southwest Products Corporation formerly owned or operated that facility at the time of an alleged release or threatened release of hazardous substances at the facility, the include PCE and TCE in the soil and in the

7

groundwater.

38.     The contaminants potentially released at the Southwest Products Corporation facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

39.     **Uni-Tek Precision. Inc ("Uni-Tek").**  Uni-Tek Precision Inc., owns and/or operates facilities located at 1030 North 53rd Avenue, Phoenix, AZ, from which there has been an alleged release or threatened release of a hazardous substance, or Uni-Tek Precision Inc., formerly owned or operated that facility at the time of an alleged release or threatened release of hazardous substances at the facility that include PCE, and TCE in the soil and in the groundwater.

40.     The contaminants potentially released at the Uni-Tek facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

41.     **Unknown Facility ("Black Corporation I").**  Black Corporation I owned and/or operated the facility located at 5134 West Latham Street, Phoenix, AZ, from which Black Corporation I allegedly released or threatened release of hazardous substances at the facility.

42.     The contaminants potentially released at the Black Corporation I facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

43.     **Vacant Lot ("Black Corporation II")**. Black Corporation II owned and/or operated the facility located at 5137 West Latham Street, Phoenix, AZ, from which the Black Corporation II allegedly released or threatened release of hazardous substances at the facility that potentially include PCE, and TCE in the soil and groundwater.

44.     The contaminants potentially released at the Black Corporation II facility are likely the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

45.     **ZEP Manufacturing Co.**  Zep Manufacturing Co., owns and/or operates the facility located at 5137 West Latham Street, Phoenix, Arizona, from which there has been an alleged

8

release or threatened release of a hazardous substance, or Zep Manufacturing Co. formerly owned or operated that facility at the time of an alleged release or threatened release of hazardous substances at the facility that include PCE, and 1,1,1-TCA, in the soil and in the groundwater.

46. The contaminants potentially released at the Zep Manufacturing Co. facility are likely the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability

## FIRST CLAIM FOR RELIEF

### Contribution against Third-Party Defendants

47. Third-Party Plaintiff realleges and incorporates paragraphs 1-46 as if fully set forth herein.

48. Each site of the Third-Party Defendants' current and former operations identified above is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

49. Each of the Third-Party Defendants identified herein is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

50. There has been an actual or threatened release of hazardous substances at each of the Third-Party Defendants' sites described above within the meaning of Sections 101(14) and (22) of CERCLA, 44 U.S.C. §§ 9601(14), (22).

51. The Third-Party Defendants owned and/or operated facilities at the time of disposal of hazardous substances, or own and/or operate facilities at which there has been a release of hazardous substances within the meaning of Section 107(a)(2) of CERCLA, 44 U.S.C. § 9607(a)(2).

52. Third-Party Plaintiff may incur response costs that are greater than its equitable share of those costs, and which equitably should be borne by Third-Party Defendants.

53. While Third-Party Plaintiff denies any liability to G&K in this action, if Third-Party Plaintiff is held jointly and severally liable to G&K for response costs or otherwise found liable to G&K for any amount or obligation in excess of its equitable share of response costs, Third-Party Defendants are liable to Third-Party Plaintiff for any such excess amount

9

pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment

54. Third-Party Plaintiff realleges and incorporates paragraphs 1-53 as if fully set forth herein.

55. There is a present and actual controversy between Third-Party Plaintiff and all Third-Party Defendants concerning its respective rights and obligations with respect to the response costs associated with the RID Wells.

56. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages, A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action but must be commenced no later than 3 years after the date of completion of all response action, Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

42 U.S.C. § 9613(g)(2).

57. Third-Party Plaintiff seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g), against all Third-Party Defendants holding them liable for their respective equitable shares of response costs, which will be binding in any subsequent action to recover further response costs.

**WHEREFORE**, Third-Party Plaintiff respectfully requests that the Court enter judgment in its favor and against the Third-Party Defendants, as follows:

A. In the event that Third-Party Plaintiff is held liable for more than its fair share of G&K's alleged response costs, a judgment in favor of Third-Party Plaintiff and against each Third-Party Defendant, in an equitable amount;

B. A declaratory judgment that Third-Party Plaintiff is entitled to recover an equitable

portion of its future costs, including interest, from any other party or parties held liable;

  C. A declaratory judgment against all Third-Party Defendants finding that they are each liable under CERCLA and are obliged to pay for their equitable shares of all past and future response costs associated with the RID Wells.

  D. An award of reasonable costs to Third-Party Plaintiff; and

  E. Such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 22nd day of August, 2019.

        GORDON REES SCULLYMANSUKHANI, LLP


        BY: /s/ John L. Condrey
          John L. Condrey
          Kira N. Barrett
          Rachel Werner
          Attorneys for Defendant Prudential Overall Supply

## CERTIFICATE OF SERVICE

☒ I hereby certify that on August 22, 2019 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and counsel of record.

Ann Thompson Uglietta, Esq.
Maxine S. Mak, Esq.
CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, AZ 85004
uglietta@mcao.maricopa.gov
makm@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

William M. Pearson, Esq.
PEARSON LAW GROUP LLC
3509 East Shea Blvd.,
Phoenix, Arizona 85028
wink@pearsonlg.com
*Attorneys for Defendant Maricopa County*

Michael K. Kennedy, Esq.
GALLAGHER & KENNEDY
2575 East Camelback Road
Phoenix, AZ 85016-9225
mkk@gknet.com
*Attorneys for Plaintiff – Gallagher & Kennedy, PA*

Andrea J Driggs, Esq.
Christopher David Thomas, Esq.
Barry Grant Stratford, Esq.
Matthew Luis Rojas, Esq.
PERKINS COIE LLP - Phoenix, AZ
adriggs@perkinscoie.com
ethomas@perkinscoie.com
BStratford@perkinscoie.com
mlrojas@perkinscoie.com
*Attorneys for the City of Phoenix*

///

Stephen Lawrence Wetherell, Esq.
PHOENIX CITY ATTORNEYS OFFICE
CIVIL DIVISION
stephen.wetherell@phoenix.gov
*Attorney for the City of Phoenix*

Kimberley M. Davison