OFFICE OF THE MARICOPA COUNTY ATTORNEY

BY: ANN THOMPSON UGLIETTA (013696)
MAXINE S. MAK (031158)
Deputy County Attorneys

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
MCAO Firm No. 00032000
Telephone (602) 506-8541
Fax (602) 506-8567
uglietta@mcao.maricopa.gov
makm@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

WILLIAM W. PEARSON (012845)
PEARSON LAW GROUP LLC
3509 East Shea Blvd.
Phoenix, Arizona 85028
Tel. (602) 237-5405
Fax (602) 759-7310
wink@pearsonlg.com

*Attorneys for Defendant/Third-Party Plaintiff*
*Maricopa County*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gallagher & Kennedy, PA. | No.2:16-cv-04447-DAE-BGM |
| Plaintiff, | |
| vs. | **DEFENDANT/THIRD-PARTY PLAINTIFF MARICOPA COUNTY'S FIRST AMENDED THIRD-PARTY COMPLAINT** |
| City of Phoenix, et al., | |
| Defendants. | |
| Maricopa County, a political subdivision of the State of Arizona, | |
| Third-Party Plaintiff, | |
| vs. | |
| AESCO, Inc., an Ohio corporation; Air Liquide America Specialty Gases, LLC, a Delaware limited liability company; American Linen Supply Company, a Nevada corporation; Arizona Public Service Company, an Arizona | |

1

corporation; Arizona Western Dry Cleaning, an unidentified entity; ArvinMeritor Inc., a Nevada corporation; Belden Communications Co., a Delaware Corporation; Celgene Corporation, a Delaware Corporation; ChemResearch Company, Inc., an Arizona corporation; Clean Harbors Arizona, LLC, a Delaware LLC;  company; Corning Incorporated, a New York corporation; Dolphin Incorporated, an Arizona corporation; G&K Textile Services, Inc., a Minnesota Corporation; Honeywell International Inc., a Delaware corporation; ITT Inc., an Indiana corporation; Kinder Morgan Energy Partners, LP, a Delaware limited partnership; Milum Textile Services Co., an Arizona corporation; Moon Dry Cleaners, an unidentified entity; NUCOR Corporation, a Delaware corporation; NXP USA, Inc., a Delaware corporation; Reynolds Metal Company, a Delaware corporation; Salt River Project Agricultural Improvement and Power District, a political subdivision of the State of Arizona; Southwest Products Corporation, an Arizona Corporation; Textron Inc., a Delaware corporation; United States Department of Defense (Air Force); United States Department of Energy; Univar USA Inc., a Washington corporation; Uni-Tek Precision, Inc; John and Jane Does I-X; Black and White Corporations I-X; ABC LLCs I-X; and XYZ Partnerships I-X.

Third-Party Defendants.

Defendant and Third-Party Plaintiff Maricopa County ("County"), for its Third-Party Complaint against AESCO, Inc., Air Liquide America Specialty Gases, LLC, American Linen Supply Company, Arizona Public Service Company, Arizona Western Dry Cleaning, Belding Communications, Celgene Corporation, ChemResearch Company, Inc., Clean Harbors Arizona

LLC, Corning Incorporated, ArvinMeritor, Inc., Dolphin Incorporated, G&K Textile Services Inc., Honeywell International Inc., ITT, Inc., Kinder Morgan Energy Partners, LP, Milum Textile Services Co., Moon Dry Cleaners, NUCOR Corporation, NXP USA, Inc., Reynolds Metal Company, Salt River Project Agricultural Improvement and Power District, Southwest Products Corporation, Textron Inc., United States Department of Defense (Air Force), United States Department of Energy, Univar USA Inc., Uni-Tek Precision, Inc., Zep Manufacturing Co., John and Jane Does I-X; ABC Corporations I-X; ABC LLCs I-X; and XYZ Partnerships I-X (collectively "Third-Party Defendants") alleges as follows:

**NATURE OF THE ACTION**

1.     This is a civil action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended 42 U.S.C. § 9601 et seq. ("CERCLA").

2.     This case arises out of a purported civil action under CERCLA brought by Plaintiff law firm, Gallagher & Kennedy, PA ("G&K"), against Defendants/Third Party Plaintiff County, Prudential and the City of Phoenix ("City").

3.     G&K previously served as counsel on a contingent fee basis for Roosevelt Irrigation District ("G&K") in a separate CERCLA action against Defendants and dozens of others, No. CV-10-00290-DAE (BGM) ("the RID Litigation"). The RID Litigation was settled for $1.2 million and dismissed with prejudice on April 17, 2018 (Dkt. #1568).  Settlement of the RID Litigation was prompted by the Court's two rulings (Dkts. ##1366 and 1392) holding that RID lacked standing to recover alleged costs that it had not incurred and had no non-contingent liability to pay. The costs for which RID had no standing to pursue included G&K's attorney fees, professional services advanced by Synergy Environmental LLC ("Synergy"), and costs paid by

Spinnaker Holdings, LLC ("Spinnaker") for well-head treatment at four RID wells.

4.     On December 16, 2016, three weeks after the Court ruled that RID had no standing to recover costs RID did not pay, G&K filed its Complaint (Dkt. #1) against thirty-one (31) Defendants, alleging, under CERCLA, every named Defendant was jointly and severally liable to G&K for costs allegedly incurred by G&K, on behalf of RID.

5.     On December 16, 2016, the same day G&K filed its Complaint, Synergy and Spinnaker filed their own CERCLA complaint, No. 2:16-cv-04448-DAE (BGM), alleging claims against twenty-five (25) Defendants that identically tracked the Defendants and claims made by RID in its Third Amended Complaint in the RID Litigation.  On April 16, 2018, Spinnaker and Synergy notified the Court all Defendants were voluntarily dismissed without prejudice (Dkt. #161) after which, the next day on April 17, 2018, the Court closed the case (Dkt. #164).

6.     No facts or law in G&K's Complaint or in G&K's Initial Disclosure Statement establishes G&K's standing to seek recovery of alleged costs incurred by Synergy and Spinnaker, as set forth in the Synergy/Spinnaker Complaint in No. 2:16-cv-04448-DAE (BGM).

7.     Without explanation in its Complaint (Dkt. #1 ¶52) G&K alleges, on behalf of RID, it incurred at least $15,000,000 in response costs yet describes its Complaint as an "initial action" with an attached statement of damages, Exhibit B (Dkt. #1-2), that lists only $6,741,144.18 in damages most of which are for G&K fees, Synergy fees and Spinnaker costs.

8.     On September 21, 2018, G&K filed a Notice of Dismissal (Dkt. #306), dismissing without prejudice, twenty-eight (28) of its original thirty-one (31) Defendants leaving only three Defendants, the County, Prudential and City, to defend against G&K's claims.

4

9.      On June 12, 2019, after a June 4, 2019 Scheduling Conference, the Court issued a Scheduling Order (Dkt. #373) that provided, *inter alia*, that Defendants shall file third-party complaints, without the need for prior court approval, on or before August 16, 2019.

10.     Defendants/Third-Party Plaintiff deny G&K's allegations in their entirety as flawed in fact and law.  Third-Party Plaintiff further alleges, that should it be found liable, its liability should not be joint but rather limited to its equitable shares. In the unlikely event that Third-Party Plaintiff is ordered to pay G&K's alleged costs that should be properly borne by other parties, then Third-Party Plaintiff is entitled to contribution pursuant to CERCLA, 42 U.S.C. § 9613(f) from Third-Party Defendants for their respective shares of any response costs adjudged against Third-Party Plaintiff.

## JURISDICTION AND VENUE

11.     This action arises under Section 113 of CERCLA, 42 U.S.C. § 9613.

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 9613(b).

13.     Venue lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §§ 9607(a) and 9613(b). The claims asserted in this Third-Party Complaint arose in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

14.     G&K alleges that RID owns and operates approximately 100 groundwater wells located west of Phoenix in the western portion of Maricopa County that are used to supply irrigation water to public and private entities for industrial and agricultural use.

15.     G&K alleges that at least twenty of RID's wells are contaminated with hazardous substances including, but not limited to, TCE, PCE, TCA, 1,1-DCA, 1,1-DCE, 1,2-DCA, cis-1,2-DCE, and MTBE.  G&K further alleges that these contaminants were released from three regional sites, previously identified by EPA and ADEQ: Motorola 52nd Street Superfund Site ("M-52 Site), West Van Buren Area WQARF Site ("WVBA Site"), and West Central Phoenix WQARF Site ("WCP Site").

16.     G&K alleges in its Complaint and in other filings, many facilities, including the Third-Party Plaintiff's properties, in the three regional sites released one or more of the identified contaminants into groundwater.

17.     G&K alleges that, on RID's behalf, it incurred response costs to treat contaminated groundwater to drinking water standards, even though RID's sole business is to supply irrigation water to farmers, and the groundwater pumped by RID, at all relevant times, is fit for irrigation use without any treatment.

18.     To respond to the alleged contamination of the RID wells, G&K alleges that G&K, on behalf of RID, incurred response costs for which G&K can obtain joint and several reimbursement from Third-Party Plaintiff under CERCLA 42 U.S.C. §§ 9601 to 9675.

**THIRD-PARTY DEFENDANTS**

19.     Each Third-Party Defendant identified in this Third-Party Complaint is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

20.     Each Third-Party Defendant is a current or former "owner or operator" of a "facility" within the meaning of Sections 101(9) and (20) of CERCLA, 42 U.S.C. §§ 9601(9) and (20).

21.      **AESCO, Inc.** ("AESCO"). According to public information and ADEQ documents, AESCO, previously owned and/or operated a facility at 5133 West Latham Street, Phoenix, Arizona from which there has been an alleged release or threatened release of hazardous substances, including TCE in the soil and in the groundwater.

22.      The contaminants potentially released at AESCO are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

23.      **Air Liquide America Specialty Gases, LLC**, ("Air Liquide").  According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Air Liquide owns and operates a 9.9-acre facility at 201 South 45th Avenue, Phoenix, Arizona within the WVBA Site from which it is alleged there has been a release or threatened release of hazardous substances. Additionally, according to public documents, PCE, TCE, TCA, and 1,1-DCE have been detected in the soils beneath this facility.

24.      The contaminants allegedly released at the Air Liquide facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

25.      **American Linen Supply Company, ("ALSCo")**.  According to public information and ADEQ documents, ALSCo owned or operated a facility at 720 West Buchanan Street, Phoenix, Arizona from which it has been alleged there was a release or threatened release of hazardous substances including PCE, TCE, benzene and TCA into soil and groundwater.

26.      The contaminants allegedly released at the ALSCo facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair

share of a common liability.

27.    **Arizona Public Service ("APS")**.  According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, APS owned and/or operated a facility at 501, 502, and 505 South 2nd Avenue, Phoenix, Arizona from which it has been alleged there was a release or a threatened release of hazardous substances including PCE, TCE, and TCA.

28.    APS also has been identified as a potentially responsible party in OU-3 at the M-52 Site, where TCE, 1,1,1-TCA, and PCE have been detected in the groundwater.

29.    The contaminants allegedly released at the APS facilities are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

30.    **Arizona Western Dry Cleaning ("Arizona Western").** According to public information and ADEQ documents, Arizona Western owned and/or operated a facility at 5144 West McDowell Road, Phoenix, Arizona from which there has been an alleged release or threatened release of hazardous substances during its period of ownership or operation.

31.    The contaminants potentially released at the Arizona Western facility are the same ones that Third-Party Plaintiff are at risk of incurring response costs or at risk of payment in excess of their fair share of a common liability.

32.    **ArvinMeritor, Inc.** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, ArvinMeritor, Inc. owns and/or operates a facility at 500 S. 15th Street in Phoenix, Arizona from which there allegedly has been a release or threatened release of hazardous substances, including VOCs, PCE, TCE, TCA 1,1-DCA, 1,1-DCE, and 1,2-DCE.

33.     The contaminants allegedly released at the ArvinMeritor, Inc. are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

34.     **Belden Communications Co. ("Belden")**. According to public information and ADEQ documents, Belden owned and/or operated the facility located at 505 North 51st Avenue, Phoenix, Arizona from which there allegedly has been a release or threatened release of hazardous substances including 1,1,1-TCA in the soil and in the groundwater.

35.     The contaminants potentially released at the Belden facility are the same ones that Third-Party Plaintiff are at risk of incurring response costs or at risk of payment in excess of their fair share of a common liability.

36.     **Celgene Corporation ("Celgene").** According to public information and ADEQ documents, Celgene owns and/or operates the facility located at 620 North 51st Avenue, Phoenix, Arizona from which there has been an alleged release or threatened release of release of hazardous substances including 1,1,1-TCA in the soil and in the groundwater.

37.     The contaminants potentially released at the Celgene facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

38.     **ChemResearch Company, Inc. ("ChemResearch".** According to public information and ADEQ documents, ChemResearch owns and/or operates the facility located at 1122 West Hilton Ave, Phoenix, Arizona from which there has been an alleged release or threatened release of hazardous substances including PCE in groundwater, soil, and soil vapor.

39.     The contaminants potentially released at the ChemResearch facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability

40.     **Clean Harbors Arizona LLC ("Clean Harbors")**. According to public information including ADEQ records, Clean Harbors is a current owner, operator and successor-in-interest to Safety-Kleen (California), Recycling Resources, Inc., and Bud's Oil Service, Inc., for a facility located at 1340 West Lincoln Street, Phoenix, Arizona from which there has been an alleged release or threatened releases of hazardous substances.  According to ADEQ records, TCE and PCE have been detected in soil vapor and high concentrations of PCE have been detected in soil.  In addition, groundwater samples taken from wells at the 1340 West Lincoln Street property detected hazardous substances including, but not limited to, TCA, PCE, TCE, cis-1,2-DCE, chloroform, 1,1-DCE, trans-1,2-DCE, 1,1,1-TCA, and 1,1,2-TCA.

41.     The contaminants allegedly released at the Clean Harbors facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

42.     **Corning Incorporated ("Corning").** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Corning owns and/or operates facilities located at 3536 West Osborn Road and 425 South 67th Avenue, Phoenix, Arizona, from which there allegedly has been a release or threatened release of a hazardous substance, or Corning formerly owned or operated that facility at the time of a release or threatened release of hazardous substances at the facility. Further, G&K alleges PCE, TCE, TCA, and 1,1-DCE are present in the soil at the facility located at 3536 West Osborn Road, and PCE, TCE, and, 1,1-DCE, are present

in the groundwater.

43.     The contaminants allegedly released at the Corning facilities are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

44.     **Dolphin Incorporated ("Dolphin").** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Dolphin owns and/or operates a facility located at 740 South 59th Avenue, Phoenix, Arizona from which there has been an alleged release or threatened release of a hazardous substance. Further, G&K alleges TCA, PCE, TCE, 1,1-DCE, 1.1- DCA, and cis-1,2-DCE are present in the soil and PCE, TCE, TCA, 1,1- DCE, 1,1-DCA, cis-1,2-DCE, and 1,2- DCA are present in the groundwater at the 740 South 59th Avenue facility.

45.     The contaminants allegedly released at the Dolphin facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

46.     **G&K Textile Services Inc ("G&K Textile").** According to public information and ADEQ documents, G&K Textile, owns and/or operates the facility located at 4804 East Roosevelt Street, Phoenix, Arizona from which there has been an alleged release or threatened release of a hazardous substance, or G&K Textile, formerly owned or operated that facility at the time of an alleged release or threatened release of a hazardous substance at the facility, which includes PCE in the soil and in the groundwater.

47.     The contaminant potentially released at the G&K Textile facility is the same one that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of

11

its fair share of a common liability.

48. **Honeywell International Inc. ("Honeywell").** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Honeywell owns and/or operates a facility located at 111 South 34th Street, Phoenix, Arizona ("34th Street Facility"). G&K claims: portions of the 34th Street Facility are leased from the City; Honeywell and/or its predecessors also owned the 34th Street Facility during a time of an alleged release or threatened release of hazardous substances at the facility; and, the 34th Street Facility extends approximately from the northernmost runway at Sky Harbor International Airport on the south to Washington Street on the north, and from 36th Street on the east to 24th Street on the west. G&K alleges TCE, PCE, PCA, 1,2-DCE, and 1,1-DCE are present in the soil and PCE, TCE, TCA, 1,1-DCE, and cis-1,2-DCE are present in the groundwater at the 34th Street Facility.

49. The contaminants allegedly released at the Honeywell 34th Street Facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

50. **ITT, Inc.** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, ITT, Inc. leased a 9.8-acre property located at 2801 East Air Lane in Phoenix, found in the OU2 portion of the M-52 Site.  Further, G&K alleges, during the period of ITT's lease, there has been a release or threatened release of hazardous substances including TCE, PCE and DEC in the soil gas, TCE and PCE in the subsurface soils, and TCE, DCE and TCA in the groundwater.

51. The contaminants allegedly released at the ITT, Inc. facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair

share of a common liability.

52. **Kinder Morgan Energy Partners, LP ("Kinder Morgan").** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Kinder Morgan owns and/or operates a facility located at 10 South 51st Avenue in Phoenix, Arizona and included in the WVBA Site. Additionally, G&K alleges there has been a release or threatened release of hazardous substances at the facility's evaporation pond and process, including PCE, TCE, TCA, 1,1-DCE, cis-1,2-DCE and 1,2-DCA.

53. The contaminants allegedly released at the Kinder Morgan facilities are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

54. **Milum Textile Services Co ("Milum")**. According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Milum owns and/or operates facilities located at 333 North 7th Avenue in Phoenix, Arizona from which there has been a release or threatened release of a hazardous substance, or Milum formerly owned or operated that facility at the time of a release or threatened release of hazardous substances at the facility that include PCE, TCE, TCA, and 1,1-DCE in the soil at the facility located at 333 North 7th Avenue and PCE, TCE, and, 1,1-DCE in the groundwater.

55. The contaminants allegedly released at the Milum are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

56. **Moon Dry Cleaners.** According to public information and ADEQ documents, Moon Dry Cleaners formerly owned and/or operated the facility located at 5132 West McDowell

Road, Phoenix, Arizona from which there has been an alleged release or threatened release of hazardous substances during its period of ownership or operation.

57.     The contaminants potentially released at the Moon Dry Cleaners facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

58.     **NUCOR Corporation ("NUCOR")**. According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, NUCOR owns and/or operates facilities located at 3536 West Osborn Road in Phoenix, Arizona from which there has been an alleged release or threatened release of a hazardous substance, or NUCOR formerly owned or operated that facility at the time of an alleged release or threatened release of hazardous substances at the facility that include PCE, TCE, and 1,1-DCE in the soil at the facility and PCE, TCE, and, 1,1-DCE in the groundwater.

59.     The contaminants allegedly released at the NUCOR are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

60.     **NXP USA, Inc. ("NXP")**.  According to public information and/or as alleged by G&K, on behalf of RID, in the related RID Litigation, NXP is the successor to Freescale Semiconductor, Inc. who is the successor and indemnitor of Motorola Inc. ("Motorola") with respect to the Motorola 52nd Street Superfund Site.  G&K alleges: Freescale was spun off into a separate entity by Motorola in 2004, and, is a successor-in-liability to Motorola; Motorola owned and operated a facility at the M-52 Site since approximately 1956 and during time frames relevant to this action; solvents, such as TCE, TCA and PCE were used in various operations at this facility;

and soil and groundwater contamination, including TCE and TCA, exist at the facility property, with groundwater contamination continuing to the west of the property.  G&K further alleges Motorola sent solvent wastes directly to facilities in the WVBA Site that independently contributed to the regional contamination.

61.    The contaminants allegedly released at the Motorola/Freescale/NXP facility at M-52 Site and the WVBA Site are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability

62.    **Reynolds Metal Company.** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Reynolds Metal Company owns and/or owned an aluminum extrusion facility on 320 acres between 35th Avenue and 43rd Avenue and between Van Buren and the Union Pacific Railroad tracks from which there has been an alleged release or threatened release of hazardous substances that include PCE, TCE, and TCA in the soil and soil gas samples and PCE, TCE, 1,1-DCE and 1,1-DCA in groundwater samples.

63.    The contaminants allegedly released at the Reynolds Metal Company are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

64.    **Salt River Project Agricultural Improvement and Power District ("SRP").** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, SRP, a political subdivision of the State of Arizona, owns and/or operates or formerly owned and/or operated facilities located at 10 South 51st Avenue, 100 South 55th Avenue, 120 South 55th Avenue, and 1616 East Lincoln Street in Phoenix, Arizona from which there has been an alleged release or threatened release of hazardous substances hazardous substances that

include: PCE, TCE, and TCA use at the facilities; PCE, TCE, and petroleum hydrocarbons released at the facilities; PCE, TCE, TCA, and petroleum hydrocarbons present in the soil and soil gas at the facilities; and PCE, TCE, 1,1-DCE, 1,2-DCE, 1,2-DCA, and 1,1-DCA in the groundwater at the facilities.

65. The contaminants allegedly released at the SRP facilities are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

66. **Southwest Products Corporation ("Southwest Products").** Southwest Products owns and/or operates the facility located at 5143 West Roosevelt Street, Phoenix, Arizona from which there has been an alleged release or threatened release of a hazardous substance, or Southwest Products formerly owned or operated that facility at the time of an alleged release or threatened release of hazardous substances at the facility, the include PCE and TCE in the soil and in the groundwater.

67. The contaminants potentially released at the Southwest Products facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

68. **Textron Inc.** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Textron Inc. formerly owned and operated a 15-acre property located at 3536 West Osborn Road in Phoenix, AZ, from which there has been an alleged release or threatened release of PCE and 1,1-DCE in the soil and PCE, TCE, and 1,1-DCE in the groundwater.

69.     The contaminants allegedly released at the Textron Inc. facilities are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

70.     **Uni-Tek Precision. Inc ("Uni-Tek").** Uni-Tek owns and/or operates facilities located at 1030 North 53rd Avenue, Phoenix, Arizona from which there has been an alleged release or threatened release of a hazardous substance, or Uni-Tek, formerly owned or operated that facility at the time of an alleged release or threatened release of hazardous substances at the facility that include PCE, and TCE in the soil and in the groundwater.

71.     The contaminants potentially released at the Uni-Tek facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

72.     **United States Department of Defense (Air Force).** According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, the United States Department of Defense (Air Force) owns and/or operates a facility at 111 South 34th Street in Phoenix, Arizona located in the Motorola M-52 Site, from which there has been an alleged release or threatened release of hazardous substances including PCE, TCE, 1,1,1,1-TCA, cis-1,2-DCE, 1,1-DCE, 1,1-DCA and petroleum hydrocarbons in the soil and TCE, PCE, 1,1,1-TCA, cis-1,2-DCE, 1,1-DCE, 1,1-DCA and petroleum hydrocarbons in the groundwater.

73.     The contaminants allegedly released at the United States Department of Defense (Air Force) facilities are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

74.    **United States Department of Energy.**   According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, United States Department of Energy owns or operates a facility at 615 South 43rd Avenue in Phoenix, Arizona known as the Western Area Power Administration, from which PCE, TCE, 1,1-DCE and cis-1,2-DCE were detected in the soil gas, PCE and TCA were present in soil samples and PCE, TCE, cis-1,2-DCE and chloroform were detected in the groundwater.

75.    The contaminants allegedly released at the United States Department of Energy facilities are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

76.    **Univar USA Incorporated ("Univar").**   According to public information and as alleged by G&K, on behalf of RID, in the related RID Litigation, Univar owns and/or operates a facility located at 50 South 45th Avenue, Phoenix, Arizona from which there has been an alleged release or threatened release of hazardous substances including PCE, TCE, and chlorinated substances in the soil and PCE in the groundwater.

77.    The contaminants allegedly released at the Univar facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

78.    **Unknown Facility ("Black Corporation I").** Black Corporation I owned and/or operated the facility located at 5134 West Latham Street, Phoenix, Arizona from which Black Corporation I allegedly released or threatened release of hazardous substances at the facility.

79.    The contaminants potentially released at the Black Corporation I facility are the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in

excess of its fair share of a common liability.

80.    **Vacant Lot ("Black Corporation II")**. Black Corporation II owned and/or operated the facility located at 5137 West Latham Street, Phoenix, Arizona from which the Black Corporation II allegedly released or threatened release of hazardous substances at the facility that potentially include PCE, and TCE in the soil and groundwater.

81.    The contaminants potentially released at the Black Corporation II facility are likely the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability.

82.    **ZEP Manufacturing Co.** Zep Manufacturing Co., owns and/or operates the facility located at 5137 West Latham Street, Phoenix, Arizona from which there has been an alleged release or threatened release of a hazardous substance, or Zep Manufacturing Co. formerly owned or operated that facility at the time of an alleged release or threatened release of hazardous substances at the facility that include PCE, and 1,1,1-TCA, in the soil and in the groundwater.

83.    The contaminants potentially released at the Zap Manufacturing Co. facility are likely the same ones that Third-Party Plaintiff is at risk of incurring response costs or at risk of payment in excess of its fair share of a common liability

<u>**FIRST CLAIM FOR RELIEF**</u>

**Contribution against Third-Party Defendants**

84.    Third-Party Plaintiff realleges and incorporates paragraphs 1-83 as if fully set forth herein.

85.    Each site of the Third-Party Defendants' current and former operations identified above is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

86.     Each of the Third-Party Defendants identified herein is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

87.     There has been an actual or threatened release of hazardous substances at each of the Third-Party Defendants' sites described above within the meaning of Sections 101(14) and (22) of CERCLA, 44 U.S.C. §§ 9601(14), (22).

88.     The Third-Party Defendants owned and/or operated facilities at the time of disposal of hazardous substances, or own and/or operate facilities at which there has been a release of hazardous substances within the meaning of Section 107(a)(2) of CERCLA, 44 U.S.C. § 9607(a)(2).

89.     Third-Party Plaintiff may incur response costs that are greater than its equitable shares of those costs, and which equitably should be borne by Third-Party Defendants.

90.     While Third-Party Plaintiff denies any liability to G&K in this action, if Third-Party Plaintiff is held jointly and severally liable to G&K for response costs or otherwise found liable to G&K for any amount or obligation in excess of its equitable share of response costs, Third-Party Defendants are liable to Third-Party Plaintiff for any such excess amount pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1).

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment

91.     Third-Party Plaintiff realleges and incorporates paragraphs 1-90 as if fully set forth herein.

92.     There is a present and actual controversy between Third-Party Plaintiff and all Third-Party Defendants concerning their respective rights and obligations with respect to the

response costs associated with the RID Wells.

93.     Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages, A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action but must be commenced no later than 3 years after the date of completion of all response action, Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

42 U.S.C. § 9613(g)(2).

94.     Third-Party Plaintiff seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g), against all Third-Party Defendants holding them liable for their respective equitable shares of response costs, which will be binding in any subsequent action to recover further response costs.

**WHEREFORE**, Third-Party Plaintiff respectfully requests that the Court enter judgment in its favor and against the Third-Party Defendants, as follows:

A.      In the event that Third-Party Plaintiff is held liable for more than its fair share of G&K's alleged response costs, a judgment in favor of Third-Party Plaintiff and against each Third-Party Defendant, in an equitable amount;

B.      A declaratory judgment that Third-Party Plaintiff is entitled to recover an equitable portion of its future costs, including interest, from any party or parties held liable;

C.      A declaratory judgment against all Third-Party Defendants finding that they are each liable under CERCLA and are obliged to pay for their equitable shares of all past and future

response costs associated with the RID Wells.

    D.    An award of reasonable costs to Third-Party Plaintiff; and

    E.    Such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 18th day of September, 2019.

                              BY: /s/William W. Pearson
                                    WILLIAM W. PEARSON

                              OFFICE OF THE MARICOPA COUNTY ATTORNEY

                               BY:  /s/Ann Thompson Uglietta
                                    ANN THOMPSON UGLIETTA
                                    MAXINE S. MAK
                                    Attorneys for Defendant Maricopa County

22

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECT registrants noted below.

/s/ Donna Ross

Michael K. Kennedy, Esq.
GALLAGHER & KENNEDY
2575 East Camelback Road
Phoenix, AZ 85016-9225
mkk@gknet.com
***Attorneys for Plaintiff – Gallagher & Kennedy, PA***

Andrea J Driggs, Esq.
Christopher David Thomas, Esq.
Barry Grant Stratford, Esq.
Matthew Luis Rojas, Esq. PERKINS
COIE LLP - Phoenix, AZ
adriggs@perkinscoie.com
ethomas@perkinscoie.com
BStratford@perkinscoie.com
mlrojas@perkinscoie.com
***Attorneys for the City of Phoenix***

Stephen Lawrence Wetherell, Esq.
PHOENIX CITY ATTORNEYS OFFICE CIVIL DIVISION
stephen.wetherell@phoenix.gov
***Attorney for the City of Phoenix***

John L. Condrey Kira N.
Barrett Rachel L. Werner
Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
jcondrey@grsm.com
knbarrett@grsm.com
rwerner@grsm.com
***Attorneys for Prudential***
***Overall Supply***